UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAYMOND JERGER, III, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:20-cv-00064-JRS-DLP |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Raymond Jerger for a writ of habeas corpus challenges a prison disciplinary proceeding identified as CIC 19-08-0011. For the reasons explained in this Entry, Mr. Jerger's habeas petition must be **denied**.

**A.   Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On August 1, 2019, Correctional Officer Harlan wrote a conduct report that charged Mr. Jerger with Class B offense 208, security threat group. The conduct report stated:

> On 08/01/2019 at approx. 8:35 PM I Ofc. T. Harlan (WM) had taken offender Jerger, Raymond #256640 22A-4B (WM) to medical for his black eye. While over in medical Offender Jerger, Raymond removed his shirt. Offender Jerger, Raymond had a massive bruise across his whole chest. When asked what happened Offender Jerger, Raymond stated to me he had violated the rules. With my training and experience as a Correctional Officer I know this statement to be STG related.

Dkt. 7-1. A photograph of the bruises was attached to the conduct report. Dkt. 7-3.

On August 5, 2019, screening officer Massey provided Mr. Jerger with the conduct report and the notice of disciplinary hearing (screening report). Dkt. 7-4. Mr. Jerger pleaded not guilty, requested a lay advocate, and waived the 24-hour notice of the disciplinary hearing. *Id.* Mr. Jerger did not request any witnesses or physical evidence. *Id.* Officer Boner wrote on the form "with my STG knowledge offender Jerger is labeled as a 'Simon City Royal' and this statement of violations are [sic] STG related. This is considered STG activity." *Id.*

Officer Boner is the Serious Threat Group Coordinator from the Office of Investigations and Intelligence. In an email dated August 21, 2019, he stated the following:

> The conduct report for Offender Jerger 256640 stating he was 'violated' confirms STG activity. Offender Jerger is a Simon City Royal and [is] associated with Latin Folks. This is a common practice for this organization if a member violates any written rule from by laws.

Dkt. 7-9.

The disciplinary hearing was continued twice, once for caseload and obtaining a statement from internal affairs, and once because of a facility-wide lock-down. Dkts. 7-5, 7-6.

On August 22, 2019, the hearing officer held the hearing for case CIC-19-08-0011. Dkt. 7-8. The hearing officer noted Mr. Jerger's statement:

2

> I haven't been involved in STG act since I've been at this camp. My bunkie can tell you these bruises came from chest bumping. There are no Simon City Royals at this camp. I did tell the officer that I had violated the rules.

*Id.*

At the hearing, Mr. Jerger requested a witness statement, but the hearing officer denied the request as untimely. *Id.* The hearing officer considered Mr. Jerger's statement and staff reports in making his decision. *Id.* The hearing officer stated that because Mr. Jerger had admitted to the STG activity, he was guilty of the 208 offense. *Id.* The hearing officer also stated that the conduct report and statement from Officer Boner supported the charge. *Id.*

The hearing officer imposed sanctions that included a 90-day loss of earned credit time and the loss of one credit class. *Id.* The reasons for these sanctions included the seriousness and nature of the offense, the degree to which the violation endangered security at the facility, and the likelihood of the sanction having a corrective effect on the offender's future behavior. *Id.*

Mr. Jerger's first and second level appeals were denied. Dkts. 7-10, 7-11, 7-12.

**C.     Analysis**

Mr. Jerger alleges that his due process rights were violated in the disciplinary proceeding. His claims are: (1) he was denied a witness; 2) insufficient evidence; and 3) Indiana Department of Correction (IDOC) policies were violated. Dkt. 1.

Mr. Jerger first argues that he was denied the opportunity to present a statement from a witness. Although he does not say so in his petition, the Court presumes that Mr. Jerger wanted to present a statement from his bunkie, who would allegedly say that the bruises were caused by chest bumping. The respondent argues that the witness request was untimely because it was not made until the time of the hearing. The Court disagrees. A request is timely if it is made "either before or at the hearing." *Piggie v. McBride*, 277 F.3d 922, 925 (7th Cir. 2002). It is true that Mr. Jerger

does not explain why he did not request a witness sometime between his screening and the postponed hearing, but that is not material in this case.

"Although inmates are not entitled to the full panoply of rights due a defendant in a criminal proceeding, they must be allowed to present relevant evidence, including witness testimony, unless it is cumulative or unduly threatens the security of the facility. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016) (internal quotation and citation omitted). However, if there is no prejudice, any due process violation results in harmless error. *See Jones v. Cross*, 637 F.3d 841, 846-47 (7th Cir. 2011). Here, the hearing officer considered Mr. Jerger's statement that the bruises were caused by chest bumping. The hearing officer was not required to believe that statement, whether presented by Mr. Jerger or his cell-mate. Because the potential witness statement was merely cumulative of Mr. Jerger's statement, there was no prejudice in denying the statement as evidence. Therefore, Mr. Jerger is not entitled to relief on this claim.

Mr. Jerger's next claim challenges the sufficiency of the evidence. The evidentiary standard for disciplinary habeas claims, "some evidence," is very low. "The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) (citation and quotation marks omitted); *see also Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016) ("a hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary."); *Donelson v. Pfister*, 811 F.3d 911, 916 (7th Cir. 2016) ("Under *Hill*, 'the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'") (quoting *Hill*, 472 U.S. at 455-56)). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some

evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Jerger argues that although he admitted to violating "the rules," he did not say he violated "his gang's rules." Dkt. 8 at 2. He acknowledges that his statement that he had violated the rules was "ambiguous," but contends that it was not an admission of a Code B-208. *Id.*; dkt. 1.

The Indiana Department of Correction (IDOC) defines serious threat group Code B-208 as:

> Engaging, pressuring or authorizing others to engage in security threat group or unauthorized organizational activities, meetings or criminal acts; displaying, wearing, possessing or using security threat group or unauthorized organizational insignia or materials; or, giving security threat group or unauthorized organizational signs. Unauthorized organizational activity shall include engaging in the above activities by or behalf of an organization that has not been approved by Department of Correction.

Dkt. 7-13.

The hearing officer was entitled to rely on the Serious Threat Group Coordinator's opinion that Mr. Jerger's explanation of his bruises confirmed his membership or engagement in a security threat group. In this case, the conduct report and other staff reports were sufficient evidence to support the charge. Thus, this claim fails.

Mr. Jerger's third claim is dismissed because relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from

procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 F. App'x 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import – and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."). Mr. Jerger's assertion that IDOC policies were violated fails to state a claim for relief in this federal habeas action.

Mr. Jerger was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Jerger's due process rights.

**D.     Conclusion**

For the above reasons, Mr. Jerger is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

Mr. Jerger's motion for status, dkt. [9], is **granted** to the extent this ruling is issued.

IT IS SO ORDERED.

Date:   9/30/2020

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RAYMOND JERGER, III
256640
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov